IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALPHONSO HUGHES,

          Plaintiff,

v.                                                  Case 2:14-cv-02910-SHM-cgc

RIVIANA FOODS, INC. and
TEAMSTER LOCAL 984,

          Defendants.

REPORT AND RECOMMENDATION ON
DEFENDANT RIVIANA FOODS, INC.'S PARTIAL MOTION TO DISMISS

Before the Court is Defendant Riviana Foods, Inc.'s ("Riviana Foods") Partial Motion to Dismiss (Docket Entry "D.E." #19). The instant motion was referred to the United States Magistrate Judge for Report and Recommendation.[1] For the reasons set forth herein, it is recommended that Defendant's Partial Motion to Dismiss be GRANTED.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

1

**I. Background**

On November 24, 2014, Plaintiff filed a *pro se* Complaint (D.E. #1)[2] alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the Equal Pay Act of 1963 ("EPA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and 29 U.S.C. Section 158(a)(4). Therein, Plaintiff alleges numerous claims of discrimination on the basis of race, sex, and age over a period of approximately three years during his employment at Riviana Foods.

In advance of filing suit, Plaintiff filed three Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"): (1) Charge 490-2012-02611, filed on September 11, 2012; (2) Charge 490-2013-00615, filed on December 26, 2012 and amended on April 19, 2013; (3) Charge 490-2014-00606, filed on January 3, 2014.

Plaintiff was issued a Dismissal and Notice of Rights on Charge 490-2013-00615 on August 26, 2014, which he filed with the Complaint and which advised that the EEOC was unable to conclude that the information obtained established violations of the statutes. Additionally, Plaintiff was issued a Determination on Charge 490-2012-02611, which was also filed with the Complaint and which concluded that Defendant violated Title VII and the EPA.

---

[2] Plaintiff utilized the *pro se* complaint form entitled "Complaint under Title VII of the Civil Right Act of 1964"; however, he has explicitly added other claims under the statutes listed, *supra*.

## II. Proposed Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors

3

of discovery." *Id.* at 678-79.

## A. ADEA

First, Plaintiff's Complaint alleges violations of ADEA. (Compl. at D.E. #1-1 at 1 ¶ 3). The ADEA requires a plaintiff to file a charge of discrimination with the EEOC before bringing suit in federal court. 29 U.S.C. § 626(d); *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 194 (6th Cir. 1995). Plaintiff did not include any allegations of age discrimination in his charges of discrimination filed with the EEOC. (*See* Compl., Exhs. 3-10, filed at D.E. #1-3 to D.E. #1-13; Mot. for Partial Dismissal filed at D.E. #19-1). Instead, Plaintiff has first raised the alleged ADEA violations in his Complaint with this Court. Accordingly, as Plaintiff has failed to exhaust his administrative remedies under the ADEA, it is recommended that Plaintiff's ADEA claim against Defendant Riviana Foods, Inc. should be dismissed.

## B. NLRB Retaliation

Next, Plaintiff's Complaint appears to assert that he has faced retaliation for filing a charge with the National Labor Relations Board ("NLRB"). (Compl. ¶¶ 5, 13). The National Labor Relations Act ("NLRA") provides that it is an unfair labor practice for an employer "to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter." 29 U.S.C. § 158(a)(4). "Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the [NLRB] . . . shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the [NLRB] . . . ." 29 U.S.C. § 160(b). "It is well established in Supreme Court jurisprudence that the NLRB has exclusive jurisdiction when conduct is even arguably subject to the NLRA . . . ." *Ronnie Cox v. G & J Pepsi-Cola Bottlers, Inc.*, No. 1:14-cv-40, 2014 WL 878858, at *1 (S.D.Ohio Mar. 5, 2014) (citing *San Diego Bldg. Trades*

4

*Council v. Garmon*, 359 U.S. 236, 244-45 (1959)). "Any person aggrieved by a final order of the [NLRB] granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in . . . ." 29 U.S.C. § 160(f).

Plaintiff has not alleged or provided evidence that he has obtained a final order of the NLRB on his charge. Even if Plaintiff had obtained a final order, this would not be the proper court to seek judicial review, as the NLRA requires that such review be conducted by the appellate court. Accordingly, it is recommended that any claim against Defendant Riviana Foods, Inc. for retaliation on the basis of filing an NLRB charge should be dismissed.

### C. *Disability Discrimination*

Finally, Plaintiff's Complaint alleges that Defendant Riviana Foods failed to reasonably accommodate Plaintiff's disability in violation of the Americans with Disabilities Act ("ADA"). Prior to filing suit under the ADA, a plaintiff must file charges with the EEOC within 300 days of the alleged discrimination as a condition precedent to judicial review. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F. 3d 299, 309 (6th Cir. 2000) (citing *Jones v. Sumser Retirement Village*, 209 F.3d 851, 853 (6th Cir. 2000)). Claims that are not filed with the EEOC are barred from being brought in a subsequent action with the Court. *Johnson v. Cleveland City School Dis.*, 344 Fed.Appx. 104, 109 (6th Cir. 2009). Nonetheless, "a plaintiff may bring suit on an uncharged claim if it was reasonably within the scope of the charge filed." *Johnson*, 344 Fed. Appx. at 109 (citing *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998) ("[W]here facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.")). Courts afford *pro se* litigants with reasonable latitude when drafting charges without the assistance

of counsel. *Dunn v. Chattanooga Publ'g Co.*, 993 F.Supp.2nd 830, 841 (E. D. Tenn. Jan. 8, 2014). However, "the liberal construction to be given charges by lay complainants pertains to legal and procedural technicalities. It cannot extend to include facts and claims not alleged." *Jones*, 209 F.3d at 854.

Here, Plaintiff neglected to file allegations with the EEOC that Defendant Riviana Foods failed to provide reasonable accommodations in violation of the ADA. Defendant Riviana Foods only received notice of these claims after service of the Complaint with the District Court. In the Complaint, Plaintiff alleges that, on November 1, 2012, he "complained to management . . . about having major pain in both hands" and that the company "refuse[d] to put [Plaintiff] on light duty." (Compl. at D. E. #1-1 at 6 ¶ 10).

Charge No. 490-2013-00615 and Amended Charge No. 490-2013-00615, which include Plaintiff's discrimination claims, allege entirely different factual bases as follows: (1) Plaintiff was subjected to verbal reprimand on November 29, 2012; (2) Plaintiff was accused of "No call/No Show" for two days on December 20, 2012; (3) Plaintiff was written up and threatened with termination; and (4) Plaintiff was constructively discharged on April 15, 2013. (Compl. at D. E. #1-2, 1-3). At no point in his EEOC charges did Plaintiff allege that he faced discrimination on November 1, 2012 after Defendant Riviana Foods failed to provide reasonable accommodations with respect to his reports of pain. Furthermore, Charge No. 490-2013-00615 identifies the period of November 29, 2012 to December 21, 2012 as the time period that the discrimination occurred, while Amended Charge No. 490-2013-00615 identifies the period of December 12, 2012 to April 15, 2013 as the period of discrimination. (Compl. at D. E. #1-2, 1-3). Neither of these ranges includes the date of the alleged failure to reasonably accommodate later set forth for the first time in the Complaint.

Finally, Plaintiff's failure-to-accommodate claim is not reasonably within the scope of the charge filed and set forth in his original EEOC charges. The material facts regarding Plaintiff's discriminatory discharge are independent from the facts pertaining to Plaintiff's failure-to-accommodate claim. Specifically, as set forth above, the claims raised in Plaintiff's EEOC complaints are as follows: (1) Plaintiff endured threats of termination; (2) Plaintiff was accused of No call/No show absenteeism; and, ultimately, (3) Plaintiff was constructively discharge. On the contrary, the relevant facts regarding Plaintiff's failure to provide reasonable accommodations claim include: (1) Plaintiff's alleged carpel tunnel in each hand and (2) Defendant Riviana Food's failure to place Plaintiff on light duty.

Accordingly, it is recommended that Plaintiff's claim that Defendant Riviana Foods failed to make reasonable accommodations in violation of the ADA should be dismissed.

### III. Conclusion

For the reasons set forth herein, it is recommended that Defendant's Motion for Partial Dismissal (D.E. #19) be GRANTED.

**DATED** this 9th day of October, 2015.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**