IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ALPHONSO R. HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-02910 |
| | ) | |
| RIVIANA FOODS, INC., and | ) | |
| TEAMSTERS LOCAL 984, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's October 9, 2015 Report and Recommendation (the "Report") recommending that the Court grant Defendant Riviana Foods, Inc.'s ("Riviana") July 15, 2015 Partial Motion to Dismiss. (Report and Rec., ECF No. 46; Mot., ECF No. 19.) Plaintiff Alphonso R. Hughes ("Hughes") filed a Motion Requesting Interlocutory Appeal for the Partial Motion to Dismiss on October 23, 2015. (Mot., ECF No. 51.)

For the following reasons, the Magistrate Judge's Report is ADOPTED, the Partial Motion to Dismiss is GRANTED, and the Motion for Interlocutory Appeal is DENIED.

### I. Background

Hughes was an employee of Riviana. (Compl., ECF No. 1 at 2; Answer, ECF No. 10 at 1.) In his Complaint, he alleges violations of Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000(e), _et seq._ ("Title VII"), the Equal Pay Act of 1963, 29 U.S.C. § 206 ("EPA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, _et seq._ ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, _et seq._ ("ADA"), and the National Labor Relations Act, 29 U.S.C. § 158(a)(4) ("NLRA"). (Compl., ECF No. 1 at 2.)

On July 15, 2015, Riviana filed a Partial Motion to Dismiss Hughes' ADEA, NLRA, and ADA claims. In her Report, the Magistrate Judge concludes that Hughes has failed to comply with the procedural requirements of the ADEA, the NLRA, and the ADA. (Report and Rec., ECF No. 46 at 3-5.) The Magistrate Judge also points out factual inconsistencies in Hughes' pleadings. (_Id._ at 6-7.) On those grounds, she recommends that Riviana's Motion be granted.

Hughes has not filed an objection to the Magistrate Judge's Report. On October 23, 2015, however, he filed a motion styled Motion Requesting an Interlocutory Appeal for the Partial Motion to Dismiss. (Mot., ECF No. 51.) Hughes, who is proceeding pro se, appears to be under the impression that the Magistrate Judge's Report is an order granting the Partial Motion to Dismiss. He states that he "respectfully request[s] the court to _reverse_ the Defendant's Motion for Partial Dismissal." (_Id._ at 2 (emphasis added).)

2

Interpreted as a request to certify an interlocutory appeal, Hughes' Motion is not well taken. Hughes cites 28 U.S.C. § 1292(b) as grounds for an appeal. (Id. at 1.) Section 1292(b) applies only to orders, not reports and recommendations. Section 1291, governing interlocutory appeals more generally, also applies only to orders. Because his Motion substantively addresses the Partial Motion to Dismiss and the Magistrate Judge's Report, the Court construes it as an objection, asking the Court to reject the Report and deny the Partial Motion to Dismiss. The Court will consider the Motion, construed as an objection, on its merits. To the extent the Motion might be construed as a motion to certify an interlocutory appeal, it is DENIED.

## II. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the

3

proposed findings or recommendations of the magistrate judge.
28 U.S.C. § 636(b)(1)(C). The district court is not required to
review——under a de novo or any other standard——those aspects of
the report and recommendation to which no objection is made.
Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court
should adopt the findings and rulings of the magistrate judge to
which no specific objection is filed. Id. at 151.

"The filing of vague, general, or conclusory objections
does not meet the requirement of specific objections and is
tantamount to a complete failure to object." Zimmerman v.
Cason, 354 F. App'x 228, 230 (6th Cir. 2009). Parties cannot
validly object to a magistrate's report without explaining the
source of the error. Howard v. Sec'y of Health & Human Servs.,
932 F.2d 505, 509 (6th Cir. 1991).

### III. Analysis

Considering the ADEA claim, the Magistrate Judge concludes
that Hughes failed to "file a charge of discrimination with the
EEOC before bringing suit in federal court," as required by 29
U.S.C. § 626(d). (Report and Rec., ECF No. 46 at 3.) Section
626(d) provides, in relevant part, that "[n]o civil action may
be commenced by an individual under this section until 60 days
after a charge alleging unlawful discrimination has been filed
with the [EEOC]." 29 U.S.C. § 626(d)(1). Hughes did not allege
age discrimination in his charges filed with the EEOC. (Charge

4

of Discrimination, ECF No. 1-2; Charge of Discrimination, ECF
No. 1-3; Charge of Discrimination, ECF No. 1-4; Charge of
Discrimination, ECF No. 1-5.)

In his objection, Hughes does not challenge the Magistrate
Judge's facts or the legal requirements. He argues that filing
first with the EEOC should not have been necessary because the
discrimination was obvious:

> The Plaintiff filed ADEA because EEOC found fought in
> the company for sex discrimination and equal pay act
> because of two females getting paid higher wages,
> doing the same job, Plaintiff and two of the
> Plaintiff's coworkers were denied raises and
> promotions. Both the females were under the age of 40
> and the Plaintiff and two of his male coworker s were
> over 40. <u>This charge should be granted because an
> investigation wasn't needed.</u>

(Mot., ECF No. 51 at 1 (errors in original) (emphasis added).)
Neither obviousness nor likelihood of success on the merits is
an exception to the procedural requirements of § 626(d).
Because Hughes failed to exhaust his administrative remedies
with the EEOC, his ADEA claim must be DISMISSED.

Considering the NLRB retaliation claim, the Magistrate
Judge concludes that Hughes failed to "obtain[] a final order of
the NLRB on his charge" before bringing suit in federal court,
as required by 29 U.S.C. § 160(f). (Report and Rec., ECF No. 46
at 5.) Where a plaintiff alleges retaliation, "the dispute must
be heard by the NLRB, as the courts are not the proper tribunal
to adjudicate such issues and must defer to the NLRB's primary

jurisdiction." <u>Cox v. J Pepsi-Cola Bottlers, Inc.</u>, 2014 WL 878858 at *2 (S.D. Ohio Mar. 5, 2014) (citing <u>Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters</u>, 436 U.S. 180, 197 (1978)). "Any person aggrieved by a <u>final order</u> of the [NLRB] granting or denying . . . relief . . . may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in . . . ." 29 U.S.C. § 160(f) (emphasis added).

Hughes argues in his objection that he has filed charges with the NLRB. (Mot., ECF No. 51 at 1-2.) As he points out, however, he "had charges with . . . Teamsters Local 984, not Riviana Foods Inc." (<u>Id.</u>; NLRB Order, ECF No. 1-12.) Because Hughes has not obtained a final order from the NLRB on his retaliation claim, his NLRB retaliation claim must be DISMISSED for failure to satisfy the requirements of 29 U.S.C. § 160.

Considering the ADA claim, the Magistrate Judge concludes that Hughes failed to "file charges with the EEOC," which operates "as a condition precedent to judicial review." (Report and Rec., ECF No. 46 at 5 (citing <u>Parry v. Mohawk Motors of Mich., Inc.</u>, 236 F.3d 299, 309 (6th Cir. 2000).) Although "a plaintiff may bring suit on an uncharged claim if it was reasonably within the scope of the charge filed," the Magistrate Judge concludes that the ADA claim of failure to provide

6

reasonable accommodations is outside the reasonable scope of Hughes' EEOC filings. <u>Johnson v. Cleveland City School Dist.</u>, 344 Fed. App'x 104, 109 (6th Cir. 2009).

In his objection, Hughes argues that his EEOC filings include his claim of non-accommodation. He argues that he "presented to the courts my sworn stamped EEOC Affidavit stating that I requested reasonable accommodations on several occasions." (Mot., ECF No. 51 at 2.) None of Hughes' EEOC filings mentions a failure to accommodate. Only two mention discrimination on the basis of disability, without further details. (Charge of Discrimination, ECF No. 1-2; Charge of Discrimination, ECF No. 1-3.) Neither of those two includes within its date ranges November 1, 2012, the date of the alleged failure to reasonably accommodate set forth for the first time in the Complaint. (Compl., ECF No. 1-1 at 3.) Hughes' ADA claim of failure to provide reasonable accommodations is not reasonably within the scope of his EEOC charges and must be DISMISSED.

### IV. Conclusion

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED, the Partial Motion to Dismiss is GRANTED, and the Motion Requesting an Interlocutory Appeal is DENIED.


So ordered this <u>3d</u> day of November, 2015.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE