IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ALPHONSO R. HUGHES,

        Plaintiff,

v.                                                         Case 2:14-cv-02910-SHM-cgc

RIVIANA FOODS and TEAMSTERS
LOCAL 984,

        Defendants.

---

REPORT AND RECOMMENDATION ON
DEFENDANT TEAMSTERS LOCAL 984's
MOTION FOR SUMMARY JUDGMENT

---

Before the Court is Defendant Teamsters Local Union No. 984's ("Union") Motion for Summary Judgment. (Docket Entry "D.E." #55). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.[1] For the reasons set forth herein, it is recommended that the Union's Motion for Summary Judgment be GRANTED.

**I. Background**

On November 24, 2014, Plaintiff Alphonso R. Hughes filed a *pro se* Complaint against his employer, Riviana Foods, and the Union. (D.E. #1). Plaintiff raised a sole claim of discrimination

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

on the basis of race in violation of 42 U.S.C. § 2000e, *et seq*. ("Title VII"), against the Union, alleging that the Union selectively heard the grievances of Caucasian employees but refused to hear those of African-American employees. (Plaintiff's Affidavit ("Pl.'s Aff.") at 6 ¶ 15, filed at D.E. #1-1).

On November 30, 2015, the Union filed the instant motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Union asserts that there is no genuine dispute of material fact as to whether it discriminated against him in violation of Title VII and that Plaintiff's claim against the Union is based on an erroneous interpretation of the Collective Bargaining Agreement.

On December 18, 2015, Plaintiff filed his Response to the Union's Motion (D.E. #57); however, Plaintiff's Response failed to follow Local Rule 56.1's requirements, including that he "respond to each fact set forth by the movant" by either "agreeing that the fact is undisputed," "agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only," or, "demonstrating that the fact is disputed" with a "specific citation to the record." L.R. 56.1(b). Further, Plaintiff failed to comply with the requirement that the "response must be made on the document provided by the movant or on another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant." Pursuant to Local Rule 56.1(d), "[f]ailure to respond to a moving party's statement of material facts . . . shall indicate that the asserted facts are not disputed for purposes of summary judgment." L.R. 56.1(d). Accordingly, as Plaintiff's Response does not comply with Local Rule 56.1, it is recommended that the facts asserted by the Union are not disputed.

**II. Proposed Findings of Fact**

On April 1, 2013, Plaintiff filed a grievance with the Union stating that his manager, Mike Carter, was issuing write-ups to him but "not writing up other employees for the same reason." (Plaintiff's Deposition ("Pl.'s Dep.") at 162-63, Exh. 16 at Exh. 2 & Exh. 17 at 2). When disputes arise, the Collective Bargaining Agreement between Riviana Foods and the Union contains a grievance procedure (Pl.'s Dep. at 163-64, Exh. 16 at Exh. 1, and Exh. 17 at 1), which states in relevant part as follows:

> 25. Any objection to or appeal from any discharge or suspension or any subject of a grievance, dispute or controversy must be raised by written notice within five (5) days of its occurrence or same will be deemed to have been waived.
>
> Step 1. Dispute affecting any employee must first be considered and an attempt at settlement be made between the employee and the departmental supervisor, except that the employee shall have the right to the presence and assistance of a Steward. The departmental supervisor must answer the complaint within 24 hours.
>
> Step 2. Any dispute not settled in Step 1 above must next be considered and an attempt to settle made between the Chief Steward and appropriate superintendent. The superintendent must answer the complaint within 48 hours.
>
> Step 3. Any dispute not settled in Step 2 above must next be considered and an attempt to settle made between the Union's representative and the Plant Manager.
>
> 26. In the event any such controversy has not been settled within ten (10) working days, either party may demand arbitration by giving written notice of its desire to the other party. . . . The decision arrived by this procedure shall be final and binding upon the parties thereto. . . .

(Pl.'s Dep. at 164-65, Exh. 16 at Exh. 1, p. 8-9). Plaintiff's "standard work week" was five days. (Pl.'s Dep. at 165). By letter dated April 15, 2013, Plaintiff voluntarily resigned his employment with Riviana Foods, effective on that date. (Pl.'s Dep. at 108 & Exh. 5).

On January 3, 2014, Plaintiff filed a Charge of Discrimination ("EEOC Charge") with the

3

Equal Employment Opportunity Commission ("EEOC") against the Union, alleging discrimination on the basis of race under Title VII as follows:

> On or about April 1, 2013, I filed a union grievance. The union did not proceed with the three step process that should be completed within 10 days of the grievance. I am aware of a White employee, Clay, Maintenance, who filed a union grievance in February 2013. The union proceeded with the initial three step process within 10 days of his grievance.

(Compl., Exh. 5 ("EEOC Charge")). Plaintiff stated that his claim against the Union is based on the same incident as this January 3, 2014 EEOC Charge and that he has no other EEOC charges, right to sue letters, or National Labor Relations Board ("NLRB") charges pending against the Union. (Pl.'s Dep. at 161-63).

### III. Proposed Conclusions of Law

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Under Title VII, discrimination of the basis of "race, color, religion, sex, or national origin" constitutes an unlawful employment practice. 42 U.S.C. § 2000e-2(a). A plaintiff may establish a claim of disparate treatment based upon race either by introducing direct evidence of discrimination or by proving circumstantial evidence which would support an inference of discrimination. *Kline v. Tennessee Valley Auth.,* 128 F.3d 337, 348 (6th Cir. 1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

Under the direct-evidence approach, a plaintiff must present evidence that, "if believed, *requires* the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 2000). To successfully pursue a direct-discrimination claim, the evidence must establish, *without any inferences or presumptions*, that discriminatory motives caused the adverse employment action. *Nguyen v. City of Cleveland*, 229 F.3d 59, 563 (6th Cir. 2000); *see also Brack v. Shoney's, Inc.,* 249 F. Supp. 2d 938, 947 (W.D. Tenn. 2003). If the plaintiff introduces evidence of an adverse employment action on the basis of his protected status, the burden of persuasion shifts to the employer to prove that it would have taken the adverse employment action even had it not been motivated by discrimination. *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45 (1989)).

Under the circumstantial evidence approach, the tripartite test established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), and later clarified in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981), applies to determine if the conduct violated Title VII. First, a plaintiff must establish a prima facie case of discrimination, which requires as follows: (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently than similarly situated, non-protected employees. *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004).

If plaintiff establishes the prima facie case, a mandatory presumption of discrimination is created and the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802. If the defendant meets this burden, then a plaintiff must prove that the reason proffered by the defendant is a pretext to hide

6

unlawful discrimination. *Id.* The plaintiff may establish that the proffered reason is a mere pretext by showing that the stated reasons had no basis in fact, that the stated reasons were not the actual reasons, and that the stated reasons were insufficient to explain the defendant's action. *Wheeler v. McKinley Enters.*, 937 F.2d 1158, 1162 (6th Cir. 1991). "A reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515 (1993).

When a plaintiff raises a claim of discrimination on the basis of race against a labor organization, it is also considered to be a claim for breach of the union's duty of fair representation based on race. *Wells v. Chrysler Group, LLC*, 559 Fed. Appx. 512, 513-14 (6th Cir. 2014) ("[A] claim that the duty of fair representation was breached on account of discrimination and a claim of discrimination in failing to represent the employee are essentially the same."). Therefore, in order to establish a claim under Title VII against a union, a plaintiff must prove that the union's breach of fair representation was "arbitrary, discriminatory or in bad faith," *Vaca v. Sipes*, 368 U.S. 171, 190 (1967), which requires "invidious, hostile treatment" and "discrimination that is intentional, severe, and unrelated to legitimate union objectives . . . .", *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 300-01 (1971).

As a threshold matter, the crux of Plaintiff's EEOC charge giving rise to this Complaint is that the Union discriminated against him because it did not process his grievance through the initial three steps of the Grievance Procedure within ten days. (EEOC Charge & Pl.'s Dep. at 161-63). An examination of the Grievance Procedure, however, reveals that no such requirement exists. (Pl.'s Dep. at Exh. 16 at Exh. 1, pp. 8-9). Instead, the Grievance Procedure only states that a dispute must be raised within five days of its occurrence and either party may demand arbitration on any dispute

not settled within ten days. (*Id*.) Thus, there is no deadline under the Grievance Procedure that would have affected Plaintiff's rights to pursue his grievance. What did affect Plaintiff's rights under the Grievance Procedure, however, is that he ceased to be a member of the Union after his voluntary resignation on April 15, 2015. After that date, Plaintiff's grievance was considered to be moot as he was no longer represented by the Union and it could not continue to resolve his grievance under the Grievance Procedure.

Based upon the undisputed facts, there is no direct evidence other than Plaintiff's own conclusory statement that the Union failed to process his grievance on the basis of his race. Instead, the undisputed facts demonstrate that Plaintiff had initiated the Grievance Procedure, that the Union had not violated any deadlines or procedures of the Grievance Procedure, and that the attempted resolution under the Grievance Procedure ended with Plaintiff's voluntary resignation.

Additionally, there is no circumstantial evidence establishing a prima facie case of discrimination under the *McDonnell Douglas* test. While Plaintiff is a member of a protected class, there is no genuine dispute of material fact as to whether he suffered an adverse employment action, as there is no requirement that the Union complete the initial three steps of the Grievance Procedure within ten days as Plaintiff asserts. There is also no genuine dispute of material fact as to whether Plaintiff was treated differently than similarly situated, non-protected employees. Accordingly, it is recommended that there is no genuine dispute of material fact as to whether the Union violated Title VII and its duty of fair representation.

**IV. Conclusion**

For the reasons set forth herein, it is recommended that the Union's Motion for Summary Judgment (D.E. #55) be GRANTED.

**SIGNED** this 4th day of March, 2016.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**