# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **ALPHONSO R. HUGHES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    No. 14-02910 |
| | ) |
| **RIVIANA FOODS, INC., and** | ) |
| **TEAMSTERS LOCAL 984,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

Before the Court are the Magistrate Judge's March 4, 2016 Report and Recommendation recommending that the Court grant Defendant Teamsters Local 984's ("Teamsters") November 30, 2015 Motion for Summary Judgment, and the Magistrate Judge's March 4, 2016 Report and Recommendation recommending that the Court grant Defendant Riviana Foods, Inc.'s ("Riviana") November 30, 2015 Motion for Summary Judgment (the "Reports"). (Teamsters Report, ECF No. 65; Teamsters Mot., ECF No. 55; Riviana Report, ECF No. 66; Riviana Mot., ECF No. 56.) Plaintiff Alphonso R. Hughes ("Hughes") has not filed any objection to the Reports and the time to do so has passed. For the following reasons, the Magistrate Judge's Reports are ADOPTED and the Motions for Summary Judgment are GRANTED.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

The Magistrate Judge finds that Hughes failed to respond to Teamsters' or Riviana's statements of material facts. (Teamsters Report, ECF No. 65 at 2; Riviana Report, ECF No. 66 at 2.) Accordingly, the Magistrate Judge recommends that the facts asserted by Teamsters and Riviana are not in dispute. (Id.) The Magistrate Judge finds that those facts indicate that Hughes' claims are barred by judicial estoppel, and that Hughes

has failed to establish a prima facie case of discrimination. (Teamsters Report, ECF No. 65 at 8-18; Riviana Report, ECF No. 66 at 8-18).

The Magistrate Judge recommends on these grounds that Teamsters' and Riviana's Motions for Summary Judgment be granted. The Reports further state that any objections must be filed within fourteen (14) days after service. (Teamsters Report, ECF No. 65 at 18; Riviana Report, ECF No. 66 at 18.); see also 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the Magistrate Judge's Report], any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of the court.").

Because no party has objected, Arn counsels the Court to adopt the Reports in their entirety. Arn, 474 U.S. at 151. Adopting the Reports is consistent with the policies underlying § 636, specifically judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Magistrate Judge's Reports are ADOPTED and the Motions for Summary Judgment are GRANTED.

So ordered this 22nd day of March, 2016.

                                            /s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE