**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: December 05, 2016

Mr. Louis P. Britt III
Ford Harrison
1715 Aaron Brenner Drive
Suite 200
Memphis, TN 38120

Mr. Alphonso R. Hughes
6344 Braybourne Main
Olive Branch, MS 38654

Mr. Samuel Morris
Godwin, Morris, Laurenzi & Bloomfield
50 N. Front Street
Suite 800 Morgan Keegan Tower
Memphis, TN 38103

Re: Case No. 16-5523, *Alphonso Hughes v. Riviana Foods, Inc., et al*
Originating Case No. : 2:14-cv-02910

Dear Sirs,

   The Court issued the enclosed (Order/Opinion) today in this case.

                              Sincerely yours,

                              s/Laura A. Jones
                              Case Manager
                              Direct Dial No. 513-564-7023

cc: Mr. Thomas M. Gould
    Mr. Timothy Paul Taylor

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 16-5523

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Dec 05, 2016
DEBORAH S. HUNT, Clerk
```

ALPHONSO R. HUGHES,

    Plaintiff-Appellant,

v.

RIVIANA FOODS, INC.; TEAMSTERS LOCAL 984,

    Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

O R D E R

Before: SUHRHEINRICH, SILER, and COOK, Circuit Judges.

Alphonso R. Hughes, a Mississippi resident proceeding pro se, appeals the district court's judgment granting summary judgment to Riviana Foods, Inc. ("Riviana"), and Teamsters Local 984 ("Teamsters") in his action alleging employment discrimination. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In November 2014, Hughes filed a complaint against Riviana and Teamsters. Against Riviana, he raised claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"); the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"); and the National Labor Relations Act, 29 U.S.C. § 158(a)(4) ("NLRA"). He also asserted that he was constructively discharged. Against Teamsters, he raised a Title VII race-discrimination claim. In November 2015, the district court

entered an order dismissing Hughes's ADA, ADEA, and NLRA claims against Riviana. Riviana and Teamsters then filed separate motions for summary judgment and, on March 4, 2016, the magistrate judge entered reports recommending that the defendants' motions be granted. On March 22, 2016, the district court adopted the magistrate judge's reports and recommendations and granted the defendants' motions for summary judgment, finding that Hughes had failed to object to the reports and recommendations. The same day, Hughes filed objections to the magistrate judge's reports and recommendations.

On April 15, 2016, Hughes filed a timely notice of appeal from the district court's judgment. The same day, he filed a motion for a new trial pursuant to Federal Rules of Civil Procedure 59 and 60, arguing that the district court violated several court rules and that his objections to the magistrate judge's reports and recommendations were timely mailed. On June 24, 2016, the district court denied Hughes's motion for a new trial. As to the timeliness of Hughes's objections, the district court found that, even had the court considered Hughes's objections, a de novo review of the record supported the magistrate judge's recommendations.

On appeal, Hughes argues that the district court "ignored overwhelming evidence from Plaintiff/Appellant and made a lot of mistakes in which [sic] violated court rules."

We review a district court's grant of summary judgment de novo. *Chapman v. United Auto Workers Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (en banc). A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Hughes argues that the district court erred in concluding that he failed to file timely objections to the magistrate judge's reports and recommendations. Hughes had "14 days after being served with a copy of the recommended disposition" to object, Fed. R. Civ. P. 72(b), and because he was served with the reports and recommendations by mail, he was afforded an additional three days to file objections, *see* Fed. R. Civ. P. 6(d). Accordingly, his objections were due on March 21, 2016. Hughes did not file his objections until the next day, on March 22, 2016, and his objections were therefore untimely. In any event, the district court addressed his objections in its subsequent order denying his motion for a new trial and, in doing so, conducted

a de novo review of the magistrate judge's reports and recommendations. Because Hughes received the de novo review to which he would have been entitled had his objections been timely filed, his first assignment of error does not entitle him to relief.

Hughes's remaining arguments do not challenge the merits of the defendants' motions for summary judgment. He instead asserts that the district court and magistrate judge violated several court rules in presiding over his case. Specifically, he claims that the district court and magistrate judge violated: Federal Rule of Civil Procedure 16 in failing to properly schedule pretrial matters; Federal Rule of Civil Procedure 26 in "denying [Hughes] the opportunity to have a fair discovery period"; "Rule 31 (j) Alternative Dispute Resolution (j)" in siding with the defendants during mediation; Federal Rule of Civil Procedure 18 in stating that Hughes "filed a charge of NLRB retaliation with federal court and [Hughes] did not"; Federal Rule of Civil Procedure 60(b)(1) in failing to state a reason for dismissing Hughes's EPA claim; and Federal Rule of Civil Procedure 56 in failing to hold "a hearing to go over the evidence between both parties." Because the record contradicts Hughes's assertions of misconduct and Hughes fails to offer any meaningful support for his conclusory allegations, his remaining claims also lack merit.

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk